**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

FILED (SG)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

**07 DEC -5 AM 10: 03**

**LAWRENCE R. FAIR**
410 E Lincoln Trail
Radcliff, KY 40160
and
**JANEY M. FAIR**
410 E Lincoln Trail
Radcliff, KY 40160

PLAINTIFFS

VS.

CASE NO. 3:07CV671-R

**UNITED STATES OF AMERICA,**

> **Serve** Hon Michael B. Mukasey
> Attorney General of the United States
> United States Department of Justice
> 950 Pennsylvania Ave., NW
> Washington, DC 20530-0001

> **Serve** Hon David L. Huber, USA
> U.S. Attorney
> U.S. Attorney's Office Louisville
> 510 West Broadway, 10th Floor
> Louisville, KY 40202

> **Serve** U.S. Army Corps of Engineers
> ATTN: CELRL-OC (R. Dale Holmes, Chief Counsel)
> PO Box 59
> Louisville, KY 40201-0059

> **Serve** Commanding General Robert M. Williams
> ATTN: Office of Staff Judge Advocate (ATZK-JAC)
> 50 3[rd] Ave
> Fort Knox, KY 40121-5000

> DEFENDANT

1

## COMPLAINT

Come the Plaintiffs, Lawrence R. Fair and Janey M. Fair, and for their complaint against the Defendant, the United States of America, state the following:

## PARTIES

1.      Plaintiffs, Lawrence R. Fair and Janey M. Fair, (hereinafter collectively referred to as "Fairs"), were at all times relevant hereto residents of Radcliff, Kentucky.

2.      Fairs are the owner's of certain real property in Hardin County, Kentucky, over which this matter is concerned.

3.      Defendant, the United States of America, is named party pursuant to the Federal Tort Claims Act, 28 U.S.C. SS 1346(b).

## JURISDICTION

4.      This court has jurisdiction over the subject matter of this action pursuant to the federal Tort Claims Act, 28 U.S.C. SS 1346(b)(1), 28 U.S.C. SS 1346 (a)(2), and 28 U.S.C. SS 2671-2680

5.      The Plaintiffs, Fairs, have satisfied the prerequisites necessary to bring a claim under the Federal Tort Claims Act in that:

a.      On December 14th, 2006, the Fairs timely filed administrative claims for the matters now in dispute in this action in the collective amount of one hundred, five thousand, five hundred, ninety-six and 27/100 ($105,596.27) dollars with the Claims Division, Office of Staff Judge Advocate, Fort Knox, KY, located at 50 3rd Ave, Suite 229, Ft Knox, Kentucky, 40121-5230.

b.      Defendant, the United States of America, by and through its agency, the Department of the Army, U.S. Army Claims Service, Office of the Judge

2

Advocate General denied plaintiff's Fairs administrative claims by certified letters both dated June 11th, 2007.

        c.      Defendant, the United States of America, by and through its agency, the Department of the Army, U.S. Army Claims Service, Office of the Judge Advocate General re-opened its investigation concerning the plaintiff's Fairs administrative claims by certified letter dated August 10th, 2007.

        d.      This action was timely commenced following the timeline requirements for either the denial or the re-opening of the administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. SS 2401(b) and 28 U.S.C. SS 2675(a).

## FACTS

6.      Defendant, the United States of America, condemned 13,320 acres of land including some 1,119.8 acres owned by Nellie B. Hoke. Special Commissioner Muir subscribed his name and recorded the deed in Hardin County Kentucky Clerk's office on March 4th, 1944. The deed listed the property boundaries and identified the property as being the same property conveyed by Virgil McConill (spelling not correct) and wife to Nellie B. Hoke by deed dated July 10th, 1939, recorded in Deed Book 100, page 599 in the office of the Clerk of the County Court of Hardin County, Kentucky.

7.      The defendant, the United States of America, failed to lay out the boundary line of this property, survey, mark the property corners or to monument the property or boundary in any way from 1944 until 2004. The defendant also failed to maintain or replace the original private corner markers placed prior to condemnation.

8.      On December 30th, 1977 Robert Bishop and Judith Bishop sold 355.4 acres of land to Paul J. Sullivan and Dorothy J. Sullivan. The property was surveyed and

the corners marked with iron pins or stakes. The deed describes some of the boundaries as continuing with the Fort Knox Military Reservation boundary.

9.      On November 22nd, 1978, Robert Bishop and Judith Bishop sold an additional 39.4 acres of land, which adjoined the property sold prior, to Paul J. Sullivan and Dorothy J. Sullivan. Before the sale, Robert Bishop requested Fort Knox assistance to precisely locate the Fort Knox boundary. On April 20th, 1978, a Fort Knox Federal employee, James C. Bomar, meets with Mr. Bishop on the ground where he identified and established the location of the Fort Knox boundary. Both Mr. Bishop and Mr. Sullivan relied on Mr. Bomar's identification of this Fort Knox boundary positioning for the sale and subsequent subdivision of this property.

10.     Mr. Sullivan divided the two tracts into three subdivisions containing several tracts in each subdivision. The three subdivisions were named Valleydale Section I, II, and III. The Hardin County Planning Commission approved all three subdivisions on July 12, 1983, and all three were filed with the Hardin County Clerk on July 13, 1983. From 1978 to present these tracts were sold and resold to different individuals. Improvements to different tracts vary but include surveying, road/access improvement, re-subdividing and platting, water line installation, tree cutting, house construction, electrical installation and general landscaping. The government (the defendant) failed to contest any activities or actions on the private property until 2004.

11.     In 1999, the Fairs purchased nine tracts of the Valleydale subdivisions from the Sullivan estate. The nine tracts included Tract 35a, 36a and 37, which contain the disputed property deeded to the Fairs in 1999.

12.     In April, 2004, Fort Knox game wardens believed deer stands and blinds

were located on Fort Knox property and confiscated them. Property owners and the owners of the deer stands and blinds contested the Fort Knox boundary interpretation.

13.   The Louisville Army Corp of Engineers were asked to assist, when the interpretation and location of the Fort Knox and private property boundaries were clearly in conflict. The Louisville Army Corp of Engineers contracted GRW Aerial Surveys, Inc. to conduct a retracement survey of the government boundary in question.

14.   GRW surveyors could not identify any original government corner, marker or monument from which to start the surveying process. Therefore the starting corner (Point Of Beginning) was defined to be a recovered iron pin set at the northeast corner of Lot 1, Valleydale Subdivision Section III. Even though the pin had been set to mark the subdivision tract the GRW surveyors identified the pin as "believed to be the location of an original" government "corner".

15.   The GRW survey did not verify the boundary as it had been accepted for almost thirty years. Instead the survey positioned the boundary so some 83 acres more or less of private property was now located North and West of the government boundary and internal to the Fort Knox Installation boundary. The Defendant defined this private property as encroaching on government property.

16.   The government claimed 36.42 acres of the Fairs property encroached upon Federal Property and stated that the government was entitled to immediate and exclusive possession of the property.

17.   Additionally, 1.09 acres of the Fairs property has been rendered worthless by becoming landlocked by the seizure of the 36.42 acres.

18.   In April 1978, Mr. James C. Bomar was an employee of the United States

Army. He has been described as an Engineering Technician who dealt with some issues regarding locating the boundaries of Fort Knox. Army Regulations clearly hold installations such as Fort Knox responsible for the accountability of government real property. As such Mr. Bomar's duty requirements required knowledge of the Fort Knox boundary location. When he meet with Mr. Bishop on April 20th, 1978, he was clearly acting within the scope of his office and employment.

19.     The Defendant, the United States of America through its agents, the Fort Knox Army Installation verbally denied Fairs use of and access to the property starting in August, 2004, when the Fort Knox Provost Marshall refused Fairs request for entrance and access to the property. The Fort Knox Installation Commander supported the Provost Marshals refusal by also denying Fairs verbal request for entrance, which had been made at a later date through the Fort Knox Inspector General. These denials were reinforced with the implied threat of the use of the Military Police and the Federal Magistrate Court located at Fort Knox.

20.     The Defendant, the United States of America, through any of it's agents has not taken any action to change ownership of the property at the Hardin County Clerks Office and assume the ownership and tax responsibilities for the lands claimed.

21.     The Defendant, the United States of America through its agents, the United States Army Corp or Engineers, and the Fort Knox Military Installation has taken the Fairs property without concern for or use of discussion, negotiations, arbitration, or due process.

## CLAIMS FOR RELIEF

22.     The loss to the Fairs of 36.42 acres claimed by the government and the

6

1.09 acres rendered landlocked by the loss of the 36.42 acres was due to the negligent and wrongful acts and omissions of an employee or employees of the Government while acting within the scope of their office. These acts are outlined below:

     a.     Mr. James C. Bomar failed to correctly identify the location of the Fort Knox reservation boundary line or refer Mr. Bishop to the responsible office or individual.

     b.     Mr. James C. Bomar failed to monument, record, or gain approval from his superiors for his interpretation of the location of the Fort Knox boundary.

     c.     Mr. Bomar's supervisors failed to monitor Mr. Bomar to ensure his actions were within his capability, training or knowledge, and that his location for the installation boundary in 1978 was correct.

     d.     Fort Knox employees failed to contest private improvements or construction on what is now claimed as government property for more than twenty-five years.

     e.     The defendant, the United States of America, its employees and agents failed to identify, survey, mark or monument government property as any prudent property owner would do, for sixty years.

     f.     The United States Army Corp of Engineers has claimed the property without due process.

23.     As of the date of this Complaint, the Department of the Army, U.S. Army Claims Service, Office of the Judge Advocate General has failed to make a final disposition of the Plaintiffs reopened claim within six (6) months after the initial filling.

24.     The aforesaid negligent and wrongful acts of agents, servants and

employees of Defendant, the United States of America directly resulted in the loss of 37.51 acres of land owned by the Fairs.

**WHEREFORE**, Plaintiffs, Fairs respectfully request the following relief:

A       Judgment against the Defendant, the United States of America, for one hundred, five thousand, five hundred, ninety-six and 27/100 (105,596.27) dollars.

B.       Judgment against the Defendant, The United States of America, for expense incurred for research required to document the history of the concerned properties prior to retention of an attorney.

C.       Judgment against the Defendant, the United States of America, for property taxes paid or tax bills assigned to the Fairs starting with the 2004 Hardin County property tax bill.

D.       Reasonable attorneys' fees and expense for the bringing of this action.

F.       The expenses of appraisers and other experts reasonably required to prosecute this action, together with other costs of this litigation.

F.       Such other and further relief as the Court may deem just.

**SO DATED**, this _1st_ day of December, 2007

## VERIFICATION

Plaintiff, Lawrence R. Fair, states that he has read the foregoing Complaint, and that all statements contained therein are true and accurate to the best of his knowledge and belief.

Dated, this _1st_ day of December 2007.

_____
Lawrence R. Fair

STATE OF _Tennessee_

COUNTY OF ~Washington~

Subscribed, sworn to and acknowledged before me by Lawrence R. Fair, to be his free act and deed; this _1st._ day of December 2007.

My Commission Expires: _10-27-08_

_Grace C. Moore_
Notary Public, State at Large

Plaintiff, Janey M. Fair, states that she has read the foregoing Complaint, and that all statements contained therein are true and accurate to the best of her knowledge and belief.

Dated, this _1st_ day of December 2007

_Janey M. Fair_
Janey M. Fair

STATE OF ~Tennessee~

COUNTY OF ~Washington~

Subscribed, sworn to and acknowledged before me by Janey M. Fair, to be her free act and deed; this _1st._ day of December 2007.

My Commission Expires: _10-27-08_

_Grace C. Moore_
Notary Public, State at Large